IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEXIS WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | _____ |
| | ) | REMOVED FROM THE CIRCUIT |
| STAN KOCH & SONS TRUCKING, | ) | COURT OF JEFFERSON COUNTY, |
| INC. and JERRY CARR, | ) | ALABAMA, BESSEMER DIVISION |
| | ) | CIVIL ACTION FILE NO. |
| Defendants. | ) | 68-CV-2022-900107 |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendants, Stan Koch & Sons

Trucking, Inc. and Jerry Carr (collectively the "Removing Parties") file this Notice of Removal of

Case No. 68-CV-2022-900107.00 from the Circuit Court of Jefferson County, Alabama, Bessemer

Division.  The Removing Parties' short and plain statement of the grounds for removal is as

follows:

## I.      INTRODUCTION

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating

to removal of cases and was commenced by the Plaintiff, Alexis Wallace, against Defendants

Stan Koch & Sons Trucking and Jerry Care on March 7, 2022 in the Circuit Court of Jefferson

County, Alabama, Bessemer Division by the filing of a Complaint styled as Alexis Wallace v.

Stan Koch & Sons Truck and Jerry Care, Civil Action No. 68-CV-2022-900107.00 in the Circuit

Court of Jefferson County, Alabama, Bessemer Division.

2.      In her Complaint, Plaintiff Wallace alleges that she was injured on or about

October 26, 2020 as a result of the alleged negligence and/or wantonness of the Defendants.

Plaintiff makes a claim for compensatory and punitive damages as a part of her Complaint and

seeks unspecified damages for compensatory and punitive damages together with interest and cost of this action.

3.      Defendant Jerry Carr was served with a copy of the Summons and Complaint via certified mail on April 5,2022.  Defendant Stan Koch & Sons Trucking was served with a copy of the Summons and Complaint on March 31, 2022, via certified mail.  A true and correct copy of the entire Court file including all process, pleadings, discovery and orders served on the Defendants is attached hereto and incorporated herein and made a part hereof by reference as Exhibit "A".

4.      Removal of this action is timely as it is being affected within thirty (30) days of receipt through service of the initial pleadings setting forth a claim for relief upon which such action or proceeding is based and in accordance with 28 U.S.C. § 1446(b).

5.      Plaintiff Alexis Wallace is an adult resident citizen of Jefferson County, Alabama. (See Plaintiff's Complaint at ¶ 1.)

6.      Defendant Stan Koch & Sons Trucking is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Golden Valley, Minnesota. ( See Plaintiff's Summons and Complaint.)

7.      Defendant Jerry Carr is an adult resident citizen of Pontotoc County, Mississippi. (See Plaintiff's Complaint at ¶ 3.)

8.      All of the Defendants are resident citizens of states other than the State of Alabama.

9.      This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

## II.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10.     As part of her Complaint in this matter, the Plaintiff alleges that she was injured in an automobile accident which resulted from either the negligence and/or wantonness of the Defendants.  As a result of the accident, Plaintiff claims that she was caused to suffer damages and injuries including but not limited to the following:

A.     Physical injuries, Plaintiff was 10-weeks pregnant at the time of the incident made the basis of this action, and had a subchorionic hemorrhage and was made sick, sore, lame, bruised and contused, continuing into the future;

B.     Incurred medical expenses including medicine, physician's fees and hospital fees, continuing into the future;

C.     Temporary and permanent disability, continuing into the future;

D.     Lost wages and/or income, continuing into the future;

E.     Physical pain and suffering, continuing into the future;

F.     Mental anguish; and

G.     Property damage.

11.     In addition to claiming compensatory damages for the above-listed alleged injuries, Plaintiff also seeks to recover punitive damages from the Defendants.

12.     Furthermore, based upon a settlement demand which has been made by Plaintiff's counsel, Plaintiff claims to have incurred significant medical bills and has made a settlement demand in the amount of $150,000.00.  A copy of this demand letter is attached hereto, incorporated herein and made a part hereof by reference as Exhibit "B".

13.     If the amount of the settlement demand had been included in Plaintiff's claim for damages it would have been accepted by the Court as evidence that the amount in controversy had been met.

14.     A defendant is not required to prove the amount in controversy as beyond all doubt or to banish all uncertainty about it.  See Pretka v. Kolter City Plaza II, 608 F.3d 744, 754 (11th Cir. 2010).  Looking at the allegations contained in the Plaintiff's Complaint, they are substantially similar to those considered by the United States Court of Appeals in its decision in Roe v. Michelin North America, Inc.  In this decision the Court found that the District Court was free to make reasonable deductions, reasonable inferences and other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.  See Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).  Conversely, the District Court is not required to suspend reality or shelve common sense in determining whether on the face of the complaint the jurisdictional amount has been satisfied.

15.     In reaching these conclusions, the 11th Circuit Court of Appeals followed the lead of the 5th Circuit Court of Appeals.  In doing so it stated that the District Court should look at the types of claims being asserted and use its judicial experience and common sense in determining whether the types of claims asserted dictate that the value of the Plaintiff's claims more likely than not exceeds the jurisdictional minimum.  See, e.g. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (complaints containing allegations of property damage, travel expense, emergency ambulance trips, six days in the hospital, pain and suffering, humiliation and temporary inability to do housework combined to meet the jurisdictional requirement even though no amount of damages were plead); Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (slip and fall resulted in severe physical injury, loss of wages,

loss of enjoyment of life, and pain and suffering appear to comprise a claim worth more than $75,000).

16.     When the allegations of these lawsuits analyzed by the 5th Circuit Court of Appeals are compared to those contained in the Plaintiff's Complaint it is clear that the jurisdictional minimum of this Court has been met by the types of injuries and losses suffered in the Plaintiff's Complaint which include a claim for past medical bills, future medical bills, past lost wages, future lost wages, past physical pain, future physical pain, mental anguish, temporary and/or permanent disability, and property damage.  These factors are further bolstered by the Plaintiff's demand which is double the jurisdictional minimum of this Court.

17.     Thus, under the opinions of the 11th Circuit Court of Appeals and when compared to the settlement demand made by the Plaintiff's counsel it is readily apparent that the amount in controversy has been satisfied.

### III.     ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

18.     As set forth above, this Notice of Removal is filed within thirty (30) days after the receipt by the Defendants through service of otherwise of a copy of the initial pleadings setting forth a claim for relief upon which such action or proceeding is based.

19.     As demonstrated herein the Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, as amended.

20.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21.     Additionally and in accordance with 28 U.S.C. § 1446, a copy of all process pleadings and orders served on the Defendants in such action have been attached hereto as Exhibit "A".

22.     The Defendants are contemporaneously filing Notice with the Circuit Court of Jefferson County, Bessemer Division, that this matter has been removed and have provided the Circuit Court with a copy of the Notice of Removal filed in this Court and have given written notice of the removal of this action to all parties.  A copy of this Notice is attached as Exhibit "C".

WHEREFORE, premises considered, Defendants file this Notice of Removal to the United States District Court for the Northern District of Alabama, Southern Division, being the District and Division of said Court which encompasses Jefferson County, the County in which said action is pending pursuant to 28 U.S.C. § 1441 and prays that this filing of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, Bessemer Division, shall effect the removal of said suit to this Court.  Defendants request such other, further and additional relief to which they may be entitled, premises considered.

Respectfully submitted this 26th day of April, 2022

/s/ K. Phillip Luke
K. Phillip Luke
Alabama State Bar No. ASB-1515-E35K
*Attorney for Defendants*

**OF COUNSEL:**

HALL BOOTH SMITH, PC
2001 Park Place North, Suite 870
Birmingham, AL  35203
(205) 533-9650
Fax:  (205) 435-6850
pluke@hallboothsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of April, 2022, a copy of the foregoing was served on all counsel of record in this cause by one or more of the following in accordance with the <u>Federal Rules of Civil Procedure</u>:

Kristopher J. Morse, Esq.
Pepper & Odom, P.C.
The Farley Building
1929 Third Ave. North
Suite 600
Birmingham, AL  35203
Kris@pepperodom.com
Attorneys for Plaintiff

*/s/ K. Phillip Luke*
OF COUNSEL