FILED

2022 Apr-26  PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

DOCUMENT 1

ELECTRONICALLY FILED
3/7/2022 9:28 AM
68-CV-2022-900107.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama Unified Judicial System | **COVER SHEET** **CIRCUIT COURT - CIVIL CASE** (Not For Domestic Relations Cases) | Ca: 68 |
|---|---|---|
| Form ARCiv-93   Rev. 9/18 | | Date of Filing: 03/07/2022    Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### ALEXIS WALLACE v. STAN KOCH & SONS TRUCKING, INC. ET AL

First Plaintiff:  ☐ Business  ☑ Individual        First Defendant:  ☑ Business  ☐ Individual
                  ☐ Government  ☐ Other                               ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG  - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

          R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| MOR161 | 3/7/2022 9:28:38 AM | /s/ KRISTOPHER J MORSE |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☑ NO

DOCUMENT 6

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2022-900107.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ALEXIS WALLACE V. STAN KOCH & SONS TRUCKING, INC. ET AL**

**NOTICE TO:** STAN KOCH & SONS TRUCKING, INC., 4200 DAHLBERG DRIVE SUITE 100, GOLDEN VALLEY, MN 55422

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), KRISTOPHER J MORSE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 300 Cahaba Park Drive Suite 200, Birmingham, AL 35242

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ALEXIS WALLACE pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/07/2022 | /s/ KAREN DUNN BURKS | By: ad |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ KRISTOPHER J MORSE

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____          _____

*(Server's Printed Name)*      *(Phone Number of Server)*

ELECTRONICALLY FILED
3/7/2022 9:28 AM
68-CV-2022-900107.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

| | | |
|---|---|---|
| ALEXIS WALLACE | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2022- |
| | § | |
| STAN KOCH & SONS TRUCKING; | § | |
| JERRY CARR; | § | |
| and fictitious parties A; B; C; D; E; F; | § | |
| G; H; and I; being those persons, firms, | § | |
| partnerships, corps., & other entities whose | § | |
| violation of law and/or whose tortuous | § | |
| and/or wrongful conduct caused and/or | § | |
| contributed to the Plaintiff's damages or | § | |
| injuries whose true name or names are | § | |
| unknown to Plaintiff but whose names | § | |
| will be added by amendment when | § | |
| ascertained, | § | |
| *Defendants.* | § | |

## COMPLAINT

COMES NOW, the Plaintiff, ALEXIS WALLACE, by and through the undersigned attorneys and hereby consents to the jurisdiction of the Circuit Court of Jefferson County, Bessemer Division, and alleges against Defendants Stan Koch & Sons Trucking, Jerry Carr, and fictitious Defendants A; B; C; D; E; F; G; H; and I, jointly and severally as follows:

## THE PARTIES

1.      Plaintiff, ALEXIS WALLACE, is over the age of nineteen (19) years and has been a resident citizen of Jefferson County, Alabama at all times material hereto.

2.      Defendant, STAN KOCH & SONS TRUCKING, is believed by Plaintiff to be a corporation organized under the laws of the State of Minnesota, and doing business in Jefferson County, Alabama at all times material hereto.

3.      Defendant, JERRY CARR, is believed by Plaintiff to be over the age of nineteen (19) years and a resident of Pontotoc County, Mississippi at all times material hereto.

4.      Fictitious parties A, B, and C are those individuals, partnerships, limited partnerships, corporations or other business entities whose negligent and/or wanton acts caused or contributed to the damages incurred by the Plaintiff. The said negligent acts of fictitious parties A, B, and C include, but are not limited to, the manufacture, design, repair, operation, or warnings relating to the proper use or maintenance of vehicle being operated by Defendant, JERRY CARR, which caused said injuries to plaintiff.

5.      Fictitious parties D, E, and F, are those individuals who negligently and/or wantonly entrusted the said vehicle to Defendant, JERRY CARR, with actual or constructive knowledge of his unfitness to operate a motor vehicle on the date in question. Alternatively, fictitious parties D, E and F negligently and wantonly entrusted the said vehicle to Defendant, JERRY CARR, without taking the reasonable and necessary steps to determine Defendant, JERRY CARR's, fitness to operate a motor vehicle.

6.      Fictitious parties G, H, and I, are those individuals in whose employ Defendant, JERRY CARR, was in on October 26, 2020, or whose business Defendant, JERRY CARR, was engaged on October 26, 2020.

**JURISDICTION AND VENUE**

Jurisdiction and venue are proper in Jefferson county, Bessemer Division, Alabama as the accident which is the basis of this suit occurred in the Bessemer Division of Jefferson county.

### FIRST CAUSE OF ACTION

7.     Plaintiff alleges that on or about October 26, 2020, Plaintiff was the passenger in a motor vehicle traveling on I-59 North near the intersection of Ensley Avenue and 25th Street North, Ensley, in the two center lanes. Plaintiff further alleges that Defendant, JERRY CARR, was operating an 18-wheeler on I-59 North in the left-center lane when said defendant so negligently and/or wantonly operated the vehicle so as to cause the 18-wheeler's front passenger wheel to strike the driver door of Plaintiff's vehicle.

8.     Plaintiff, ALEXIS WALLACE, further alleges that as a proximate result of Defendant's, JERRY CARR, said negligence and/or wantonness, the Plaintiff was caused to suffer the following damages and injuries:

a)     Physical injuries, Plaintiff was 10-weeks pregnant at the time of the incident made the basis of this action, and had a subchorionic hemorrhage and was made sick, sore, lame, bruised and contused, continuing in the future;

b)     Incur medical expenses, including medicine, physician's fees and hospital fees, continuing in the future;

c)     Temporary and/or permanent disability, continuing in the future;

d)     Lost wages and/or income, continuing in the future;

e)     Physical pain and suffering, continuing in the future;

f)     Mental anguish; and

g)     Property damage.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory damages against Defendant, JERRY CARR, jointly and severally, for negligence, together with interest and costs of this action.

## SECOND CAUSE OF ACTION

9.      Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION.

10.     Plaintiff, ALEXIS WALLACE, further alleges that as a proximate consequence of Defendant's, JERRY CARR, wanton operation of his vehicle, Plaintiff was caused to incur the above-described damages.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against the Defendant, JERRY CARR, jointly and severally, for wantonness together with interest and costs of this action.

## THIRD CAUSE OF ACTION

11.     Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION and SECOND CAUSE OF ACTION.

12.     Plaintiff, ALEXIS WALLACE, further alleges that at the time Defendant, JERRY CARR, negligently and/or wantonly caused the Plaintiff to suffer the aforesaid injuries and damages, Defendant, JERRY CARR, was acting within the line and scope of his employment with Defendant, STAN KOCH & SONS TRUCKING; and was therefore acting as an agent or employee for Defendant, STAN KOCH & SONS TRUCKING.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against Defendants, JERRY CARR and STAN KOCH & SONS TRUCKING, jointly and severally, for negligence and wantonness, together with interest and costs of this action.

## FOURTH CAUSE OF ACTION

13.     Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION and THIRD CAUSE OF ACTION.

14.     Plaintiff, ALEXIS WALLACE, further alleges that Defendant, STAN KOCH & SONS TRUCKING, negligently and wantonly failed to properly and adequately repair, and/or maintain the motor vehicle operated by Defendant, JERRY CARR, and that said negligence and/or wantonness was a proximate cause of the injuries suffered by Plaintiff.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against Defendant, STAN KOCH & SONS TRUCKING, jointly and severally, for negligence and wantonness together with interest and costs of this action.

## FIFTH CAUSE OF ACTION

15.     Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION, THIRD CAUSE OF ACTION and FOURTH CAUSE OF ACTION.

16.     Plaintiff, ALEXIS WALLACE, further alleges that Defendant, STAN KOCH & SONS TRUCKING, negligently and/or wantonly entrusted the operation of a vehicle to Defendant, JERRY CARR, with knowledge that Defendant, JERRY CARR, was unfit to operate a motor vehicle safely. Plaintiff further alleges that as a proximate result of Defendant STAN KOCH & SONS TRUCKING negligence and/or wantonness, Plaintiff was caused to suffer the aforesaid injuries and damages.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against Defendant, STAN KOCH & SONS TRUCKING, jointly and severally, for negligence and wantonness together with interest and costs of this action

## SIXTH CAUSE OF ACTION

17. Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION, THIRD CAUSE OF ACTION, FOURTH CAUSE OF ACTION and FIFTH CAUSE OF ACTION.

18. Plaintiff, ALEXIS WALLACE, further alleges that Defendants, A, B, and C negligently and wantonly failed to properly and adequately manufacture, design, repair, and/or maintain the motor vehicle operated by Defendant, JERRY CARR, and that said negligence and/or wantonness was a proximate cause of the injuries suffered by Plaintiff.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against Defendants, A, B, and C, jointly and severally, for negligence and wantonness, together with interest and costs of this action.

## SEVENTH CAUSE OF ACTION

19. Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION, THIRD CAUSE OF ACTION, FOURTH CAUSE OF ACTION, FIFTH CAUSE OF ACTION and SIXTH CAUSE OF ACTION.

20. Plaintiff, ALEXIS WALLACE, further alleges that Defendants, D, E, and F, negligently and/or wantonly entrusted the operation of a vehicle to Defendant, JERRY CARR,

with knowledge that Defendant, JERRY CARR, was unfit to operate a motor vehicle safely. Alternatively, fictitious parties D, E, and F negligently and wantonly entrusted the said vehicle to Defendant, JERRY CARR, without taking the reasonable and necessary steps to determine Defendant's, JERRY CARR, fitness to operate a motor vehicle. Plaintiff further alleges that as a proximate result of Defendants' D, E, and F; negligence and/or wantonness, Plaintiff was caused to suffer the aforesaid injuries and damages.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against the Defendants, D, E, and F, jointly and severally, for negligence and wantonness together with interest and costs of this action.

## EIGHTH CAUSE OF ACTION

21.     Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION, THIRD CAUSE OF ACTION, FOURTH CAUSE OF ACTION, FIFTH CAUSE OF ACTION, SIXTH CAUSE OF ACTION and SEVENTH CAUSE OF ACTION.

22.     Plaintiff, ALEXIS WALLACE, further alleges that at the time Defendant, JERRY CARR, negligently and/or wantonly caused the Plaintiff to suffer the aforesaid injuries and damages, Defendant, JERRY CARR, was acting within the line and scope of his employment with Defendants G; H; and I; and was therefore acting as an agent for Defendants G; H; and I.

WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against the Defendants, JERRY CARR, G, H, and I, jointly and severally, for negligence and wantonness together with interest and costs of this action.

**NINTH CAUSE OF ACTION**

23.    Plaintiff, ALEXIS WALLACE, realleges and adopts by incorporation all allegations as found in her FIRST CAUSE OF ACTION, SECOND CAUSE OF ACTION, THIRD CAUSE OF ACTION, FOURTH CAUSE OF ACTION, FIFTH CAUSE OF ACTION, SIXTH CAUSE OF ACTION, SEVENTH CAUSE OF ACTION, and EIGHT CAUSE OF ACTION.

24.    Plaintiff, ALEXIS WALLACE, further alleges that the Defendant STAN KOCH & SONS TRUCKING and stated fictitious Defendants negligently, wantonly and/or willfully failed to use due care and reasonable standards in hiring, training, retaining and/or supervising its employees, servants, agents and/or other persons or entities under the control of Defendants; and that Defendants have a pattern and practice of such failures warranting the imposition of punitive damages as a deterrent to future wrongful conduct.

25.    Plaintiff further alleges that as a proximate result of Defendants negligence and/or wantonness, Plaintiff was caused to suffer the aforesaid injuries and damages.

26.    WHEREFORE, Plaintiff, ALEXIS WALLACE, demands compensatory and punitive damages against the Defendants, jointly and severally, for negligence and wantonness together with interest and costs of this action.

Respectfully submitted,

PEPPER & ODOM

By: s/Kristopher J. Morse
Kristopher J. Morse
State Bar No. MOR161
Farley Building
1929 3rd Avenue North, Suite 600
Birmingham, AL 35203

Tel: (205) 250-1107
Fax: (205) 994-6746
www.pepperodom.com
kris@pepperodom.com
ATTORNEY FOR PLAINTIFF

**PLEASE SERVE DEFENDANT'S BY CERTIFIED MAIL**

Stan Koch & Sons Trucking, Inc.
4200 Dahlberg Drive
Suite 100
Golden Valley, MN 55422

Jerry Carr
73 Alane Drive
Pontotoc, MS 38863

ELECTRONICALLY FILED
3/7/2022 9:28 AM
68-CV-2022-900107.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| ALEXIS WALLACE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2022 |
| | § | |
| STAN KOCH & SONS TRUCKING; | § | |
| JERRY CARR; | § | |
| and fictitious parties A; B; C; D; E; F; | § | |
| G; H; and I; being those persons, firms, | § | |
| partnerships, corps., & other entities whose | § | |
| violation of law and/or whose tortuous | § | |
| and/or wrongful conduct caused and/or | § | |
| contributed to the Plaintiff's damages or | § | |
| injuries whose true name or names are | § | |
| unknown to Plaintiff but whose names | § | |
| will be added by amendment when | § | |
| ascertained, | § | |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO JERRY CARR

---

To:     Defendant JERRY CARR, 73 Alane Drive, Pontotoc, Mississippi 38863.

Plaintiff, in accordance with the provisions of the Alabama Rules of Civil Procedure, propounds the following Interrogatories, Request for Production, and Request for Admission to Defendant JERRY CARR and requests that these requests be answered separately and fully in writing, under oath, and served upon the undersigned attorney within thirty (30) days after service hereof.

**I.**

## **INSTRUCTIONS AND DEFINITIONS**

1.   When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2.   All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged.  If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3.   All responses must be made separately and fully.  An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4.   Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5.   The ALABAMA RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence: (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6.   If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

   (i)   A short statement identifying each privilege involving the basis therefore;

   (ii)   The facts upon which you relied to support the claim of privilege;

   (iii)   A description of all documents for which such privilege is claimed, including:

      a.   the type of document;
      b.   a brief statement of the document's general topic matter;
      c.   the date of the document;
      d.   author(s) and their title(s) and position(s); and
      e.   the identity of all persons to whom any contents of the documents have been disclosed.

      (iv)    A description of all conversations for which such privilege is claimed, including:

          a.    the date of the conversation;
          b.    a brief statement describing the <u>general</u> topic of the conversation;
          c.    the persons participating in the conversation; and
          d.    the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7.    As required by the ALABAMA RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you, or other sanctions of the Court.

8.    "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the ALABAMA RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto. Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced. A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

Electronic Data Directive:  Pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.    "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.   "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.   "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.   "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.   "Identify" or "identification" shall mean:

(a)    With respect to a **natural person**, to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).  If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job descriptions should be given, together with the period during which each one was held;

(b)    With respect to a **communication**, to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and the identity of all persons to whom any portions of the contents of the communication have been disclosed.

(c)     With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)     With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)     When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)     When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)     When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and parties;  your status as either plaintiff, Defendants, intervenor, impleader, interpleader, or third-party plaintiff or Defendants; the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14.   "Complaint" means Plaintiff's Original Complaint in this case or any supplemental or amended Complaints subsequently filed in this lawsuit.

15.   "You," "Your," Defendant" or "Defendants" means JERRY CARR, and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney.  Where the answers

called for are different for any of the foregoing, state which portion of which answer applies to each.

16.   "Accident" or "subject accident" shall refer to the crash on or about October 28, 2020, in Jefferson County, Alabama which forms the basis of this lawsuit.

17.   "Plaintiff" shall mean ALEXIS WALLACE.

18.   "Defendant Driver" shall mean JERRY CARR.

19.   **"Trip"** shall refer to the transportation and/or movement of a vehicle and/or one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

20.   **"Vehicle"** or "Your Vehicle"  or "Subject Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the vehicle being operated by JERRY CARR at the time the accident occurred.

## II.

## **INTERROGATORIES**

1.      If you have not been correctly named or served in or by the Plaintiff's Original Complaint, state your correct legal name and the correct manner in which you can be designated as a party Defendants and served with process in this action under the allegations set forth in Plaintiff's Original Complaint.

2.      In reference to the trip underway at the time or just prior to the underlying accident, please identify:

      a.      where and when the trip originated;

      b.      whether there were any cellular telephones, CB radios, two-way radios, or other communication devices present in the vehicle driven by you;

      c.      the telephone number and service provider of any cellular telephones present in the vehicle driven by you at the time of the accident; and

      d.      the final destination for the trip.

3.      When was the last time you consumed any alcohol, prescription medication, or over the counter medication prior to this accident?  For any such consumption, please state:

      a.      whether it was alcohol, prescription medication, or over the counter medication;

      b.      how much was consumed; and

      c.      if it was prescription medication, what the medication is prescribed for;

4.      Have you ever been prescribed contact lenses and/or glasses?  If so please state:

      a.      whether this information is listed on your driver's license;

      b.      whether you are required to wear contact lenses and/or glasses by the State of Alabama;

      c.      what prescription of contact lenses and/or glasses you were prescribed;

      d.      were you wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit; and

e.      if you were wearing contact lenses and/or glasses at the time of the incident made the basis of this lawsuit, what was the prescription of those contact lenses and/or glasses.

5.      State each time that you have either pled guilty to or convicted of a criminal offense.  For each offense, provide the date of the offense, the date of guilty plea or conviction, the charge you pled guilty to or were convicted of, the punishment imposed, and the city, county and state where the charges were filed.

6.      State each time you have received a traffic citation.  For each citation, provide the city, county and state where the citation was received, the date of the citation, the offense you were cited for, the resolution of the citation (plea or adjudication), and the fine or sentence imposed.

7.      Describe each automobile accident you have been involved in.  For each accident, provide the date of the accident, the city, county and state where the accident occurred, whether police prepared a report regarding the accident, whether you received a citation in connection with the accident, whether anyone including you was injured in the accident, and the approximate amount of property damage that resulted from the accident.

8.      State each time that your driver's license has been suspended or revoked and provide the reason for the suspension or revocation.

9.      Have you ever been licensed to operate a motor vehicle in any state other than Alabama?  If your answer is yes, provide the state, when the license was issued, the license number, whether the license was ever suspended or revoked, the reason for suspension or revocation of the license, and whether the license is still active.

10.     Provide the telephone number service provider, and name of the person or entity billed for each cell phone you used for a period of three months before and three months after the date of the accident which forms the basis of this lawsuit.

11.     Provide the name, telephone number, address, and a summary of the anticipated testimony for each witness you intend to call at trial.

12.     If you contend that Plaintiff was contributorily negligent, provide all facts which support your contention.

13.     If you contend that the mechanical condition of the vehicle you were driving caused or contributed to the accident, provide all facts which support your contention and state when these conditions were first discovered.

## III.

## REQUESTS FOR PRODUCTION

1.      Copy of postings and webpages from any social networking site including but not limited to Facebook, MySpace, Instagram, etc. for Defendant driver from one month prior to the incident in question until six months after the incident in question.

2.      Copies of police reports for any other vehicular collisions or incidents in which the Defendant driver was involved.

3.      Copy of Defendant Driver's cell phone bill for one month preceding the incident and for the date of the incident.  This should list calls received, dates, and times.

4.      Copy of the citation the Defendant Driver received in connection with the incident in question.

5.      Documents detailing how the citation Defendant Driver received as a result of the incident in question was resolved.

6.      Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys.  This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

7.      Produce copies of any and all other police reports, citations, accident and/or incident files and records maintained by Defendant(s) in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver was the driver of a vehicle involved in the prior accidents or incidents.

8.      Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment.  This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

9.      Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

9

10. Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiffs' damages or injuries suffered by Plaintiffs.

11. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

12. Produce copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

13. Produce copies of any and all investigation and/or accident reports in Defendant's possession that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

14. Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

15. Produce copies of any documents or other writings which show or identify this Defendant(s) as being either a public or private corporation.

16. Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

17. Produce any photographs or videotapes of Plaintiff.

18. Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

19. Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

20. Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

21. Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some ground for denying you coverage provided under said policy.

22.     Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

23.     Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

24.     Produce copies of any and all indemnity agreements between any of the parties to this case.

25.     Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

26.     Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

27.     Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

28.     Produce a copy of the title to the vehicle Defendant was driving at the time of the accident.

29.     Produce copies of any and all photographs Defendant has of the vehicles involved in this accident and any and all photographs of the scene.

30.     Produce a copy of both sides of Defendant's current driver's license(s).

31.     Produce copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

32.     Produce a true and correct listing of all motor vehicles owned by this Defendant from and including the time of the accident made the basis of this suit to the present.  Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

33.     Produce copies of any and all tickets or citations received by Defendant as a result of this incident.

34.     Produce copies of any and all records obtained by Defendant pertaining to Plaintiff.

35.     Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of Defendant's vehicle for the period commencing 30 days before the subject collision through and including 10 days after the subject collision.

36.     Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

37.     For the period of one week before and after the incident made the basis of this lawsuit, produce all documents reflecting any and all data transmissions and / or telephone calls from any wireless cellular ("cell") telephones present in the Defendant's vehicle involved in the incident made the basis of this lawsuit?   In the alternative, provide sufficient information for Plaintiffs to subpoena this information from the relevant cellular wireless service provider.

38.     Produce a copy of your paystub naming your employer at the time just prior to the subject incident.

39.     Produce copies of the most recent inspection of the subject vehicle prior to the subject incident.

## IV.

## REQUESTS FOR ADMISSIONS

1.      Admit that the vehicle involved in the subject incident is owned by you and/or you have the right to control the use of the vehicle.

2.      Admit that you are named correctly in Plaintiff's Original Complaint.

3.      Admit that venue is proper.

4.      Admit that this is a convenient forum.

5.      Admit that this court may exercise personal jurisdiction over you.

6.      Admit that service was proper.

7.      Admit that you were employed by Defendant STAN KOCH AND SONS TRUCKING, at the time of the subject incident.

8.      Admit that you were doing contract work for Defendant STAN KOCH AND SONS TRUCKING, at the time of the subject incident.

9.      Admit that you were not an independent contractor at the time of the subject incident.

10.     Admit that you received paychecks from Defendant STAN KOCH AND SONS TRUCKING, in the three months prior to the subject incident.

11.     Admit that you were operating the subject vehicle within the course and scope of your employment at the time of the subject incident.

12.     Admit that you have been involved in another motor vehicle accident within three (3) years prior to the subject incident.

13.     Admit that your lack of attention caused the subject incident.

14.     Admit that you failed to see Plaintiff before changing lanes and colliding with the automobile in which she was traveling on I-59 North near the intersection of Ensley Avenue and 25th Street North, Ensley.

15.     Admit that you told the investigating officer that you just did not see Plaintiff while approaching road construction and before changing lanes and colliding with the automobile in which she was traveling on I-59 North near the intersection of Ensley Avenue and 25th Street North, Ensley.

13

Respectfully submitted,

**PEPPER & ODOM**

s/Kristopher J. Morse
**Kristopher J. Morse**
State Bar No. MOR161
For the Plaintiff
Farley Bulding
1929 3rd Avenue North, Suite 600
Birmingham, AL 35203
E-mail: Kris@pepperodom.com
Telephone: (205) 250-1107
Fax:        (205) 994-6746

ELECTRONICALLY FILED
3/7/2022 9:28 AM
68-CV-2022-900107.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | | |
|---|---|---|
| ALEXIS WALLACE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2022 |
| | § | |
| STAN KOCH & SONS TRUCKING; | § | |
| JERRY CARR; | § | |
| and fictitious parties A; B; C; D; E; F; | § | |
| G; H; and I; being those persons, firms, | § | |
| partnerships, corps., & other entities whose | § | |
| violation of law and/or whose tortuous | § | |
| and/or wrongful conduct caused and/or | § | |
| contributed to the Plaintiff's damages or | § | |
| injuries whose true name or names are | § | |
| unknown to Plaintiff but whose names | § | |
| will be added by amendment when | § | |
| ascertained, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO STAN KOCH & SONS TRUCKING

To:    Defendant STAN KOCH & SONS TRUCKING, 4200 Dahlberg Drive, Suite 100, Golden Valley Minnesota 55422.

Plaintiff, in accordance with the provisions of the Alabama Rules of Civil Procedure, propounds the following Interrogatories, Request for Production, and Request for Admission to Defendant STAN KOCH & SONS TRUCKING, and requests that these requests be answered separately and fully in writing, under oath, and served upon the undersigned attorney within thirty (30) days after service hereof.

**I.**

1

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.      When answering these requests, respondent is requested to refer to the attached instructions and definitions.

2.      All information responsive to these requests which is within your knowledge, possession or control or within the knowledge, possession or control of your attorneys, agents or other representatives, as well as information you can obtain upon reasonable inquiry is to be divulged.  If there is a request for all information on a given subject and you do not know all information, provide such information to the extent of your knowledge.

3.      All responses must be made separately and fully.  An incomplete or evasive response will be considered a failure to answer. Where necessary to give a broader scope to any of these requests, "and" includes "or" and vice versa, the past tense includes the present and vice versa, the singular includes the plural and vice versa, "any" includes "all" and vice versa, and "each" includes "every" and vice versa. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice-versa; the use of the masculine form of a pronoun shall also be considered to include within its meaning the feminine form of the pronoun so used, and vice-versa; and the use of any tense of any verb shall also be considered to include within its meaning all other tenses of the verb so used.

4.      Each request should be construed independently and not by reference to any other request herein for purposes of limitation, unless one request specifically refers to another request.

5.      The ALABAMA RULES OF CIVIL PROCEDURE require you to supplement and amend your responses if you obtain information and as a consequence: (1) you know that a response to these requests was incorrect or incomplete when made, or (2) you know that a response, though correct and complete when made, is no longer true and complete.

6.      If you do not answer a request based on any claim of privilege, provide a statement for each such request setting forth the following information:

        (i)      A short statement identifying each privilege involving the basis therefore;

        (ii)     The facts upon which you relied to support the claim of privilege;

        (iii)    A description of all documents for which such privilege is claimed, including:

                 a.      the type of document;
                 b.      a brief statement of the document's general topic matter;
                 c.      the date of the document;
                 d.      author(s) and their title(s) and position(s); and
                 e.      the identity of all persons to whom any contents of the documents have been disclosed.

2

(iv)    A description of all conversations for which such privilege is claimed, including:

        a.    the date of the conversation;

        b.    a brief statement describing the general topic of the conversation;

        c.    the persons participating in the conversation; and

        d.    the identity of all persons to whom any portions of the contents of the conversation have been disclosed.

7.    As required by the ALABAMA RULES OF CIVIL PROCEDURE, your failure to respond to these requests within the time required, or failure to supplement your responses may result in entry of a judgment against you, the assessment of attorney's fees against you, or other sanctions of the Court.

8.    "Document" and "documents" is to be defined as synonymous in meaning and equal in scope to the usage of this term in the ALABAMA RULES OF CIVIL PROCEDURE and shall be used in their broadest sense and shall mean and include all written, printed, typed, electronic, recorded or graphic material of every kind and description, both originals and copies and all attachments and appendices thereto.  Without limiting the foregoing, the term "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, facsimiles, telexes, minutes, messages, memoranda, interoffice communication, e-mail, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bill or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.  The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.  A DRAFT OR NON-IDENTICAL COPY IS A SEPARATE DOCUMENT WITHIN THE MEANING OF THIS TERM.

Electronic Data Directive:  Pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, all electronic data responsive to the requests below shall be provided via CD, DVD, or Floppy Disk in user readable format (.txt or similar file types), or as otherwise agreed in a supplemental writing by the parties.

9.    "Document" and "documents" shall mean and include all matter within the foregoing description that are in your possession, control or custody or in the possession, control or custody of any attorney for you or the existence of which you are aware and that you have access to or to which you can secure access.  Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

10.    "Communication" shall mean and include any transmission or exchange of information in the form of facts, ideas, inquiries, or otherwise, and shall include an exchange between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telegraph, telex, telecopier, cable, e-mail or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

11.    "Referring" or "relating to" shall mean to concern, describe, explain, reference, contain or comment upon the subject matter referred to in the request and, in that regard, each request shall be interpreted broadly so as to promote the full disclosure of information.

12.    "Person" shall mean all natural persons and entities, including, without limitation, individuals, committees, agencies, commissions, firms, corporations, associations, partnerships, businesses, public agencies, departments, bureaus, boards, or any other form of public, private or legal entity, and all predecessors or successors in interest.

13.    "Identify" or "identification" shall mean:

(a)    With respect to a **natural person**, to include, without limitation, full name, title, job description, present business and home addresses (last known if present addresses are unknown).  If there have been changes in title or job description during the time period covered by these interrogatories, all titles and job descriptions should be given, together with the period during which each one was held;

(b)    With respect to a **communication**, to include, without limitation, the date, time and approximate duration of the communication, a statement describing the substance of the communication with particularity, the persons participating in the conversation, the persons directing the communication to take place, if any, and the identity of all persons to whom any portions of the contents of the communication have been disclosed.

(c)     With respect to a **business entity**, to include, without limitation, its name, date and place of formation, and all its business addresses; and

(d)     With respect to a **document**, to include, without limitation, title, type, date, the identity of each person either wholly or in part participating in the preparation or dissemination of, or who is referred to in, the document, addressee, recipients, any identifying numbers or marks upon the face of the document, subject matter or general nature, and the identity and location of each person who has possession, custody or control of the document or, if a document has been destroyed or is unavailable, the identity of each person who destroy the document or who last possessed or controlled the document.

(e)     When used with reference to an **act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication and/or tangible thing which constitutes the act, including the place, time and date of each such item; to identify each and every person participating in the act and to specify the items of behavior performed, information communicated, and/or tangible things provided, by each such person; and to identify each and every document and communication which constitutes or describes the behavior, communication, tangible thing, or any part thereof.

(f)     When used in reference to an **omission to act**, means, without limitation, to state with particularity and certainty each and every item of behavior, communication, and/or tangible thing which you contend should have been performed, communicated, and/or provided, and the place, time, and date each such performance or communication should have occurred, to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed, communicated, and/or provided each item of omitted behavior, communication and/or tangible thing; and to identify each and every document or communication which you believe tends to establish that the omitted behavior, communication and/or tangible thing should have been performed, provided, or communicated.

(g)     When used in reference to a **lawsuit**, means, without limitation, to state for each criminal and/or civil action:  the case, including the cause number, court, and parties;  your status as either plaintiff, Defendants, intervenor, impleader, interpleader, or third-party plaintiff or Defendants; the substance of the claim[s] and defense[s] asserted; and the ultimate disposition or resolution of the claim[s] and defense[s].

14.     "Complaint" means Plaintiff's Original Complaint in this case or any supplemental or amended Complaints subsequently filed in this lawsuit.

15.     "You," "Your," Defendant" or "Defendants" means STAN KOCH & SONS TRUCKING, and each of your agents, representatives, employees, assigns, officers, directors, staff, affiliates, owned or controlled entities or agencies, and all other persons acting in concert with you or under your control, whether directly or indirectly, including any attorney.

Where the answers called for are different for any of the foregoing, state which portion of which answer applies to each.

16.  "Accident" or "subject accident" shall refer to the crash on or about October 28, 2020, in Jefferson County, Alabama which forms the basis of this lawsuit.

17.  "Plaintiff" shall mean ALEXIS WALLACE.

18.  "Defendant Driver" shall mean JERRY CARR.

19.  **"Trip"** shall refer to the transportation and/or movement of a vehicle and/or one load or cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel, empty or unloaded, from that destination point to the next point or location of loading, end of trip or new trip origin.

20.  **"Vehicle"** or "Your Vehicle" or "Subject Vehicle" shall refer to, unless otherwise defined in a specific Request herein, the vehicle being operated by JERRY CARR at the time the accident occurred.


## II.

## <u>INTERROGATORIES</u>

1.  If you have not been correctly named or served in or by the Plaintiff's Original Complaint, state your correct legal name and the correct manner in which you can be designated as a party Defendants and served with process in this action under the allegations set forth in Plaintiff's Original Complaint.

2.  Did Defendant-Driver have your permission to operate your vehicle on the date of the subject accident?

3.  Describe all steps you took to investigate Defendant-Driver's driving record prior to entrusting him with an automobile.  For each step taken, provide the date of the investigation, all outside sources consulted, and the results of all searches.

4.  Describe all tests of driving, including but not limited to, written tests, road tests, and ride alongs, you administered to Defendant-Driver to verify his ability to safely operate a motor vehicle.

5.  If you contend that Plaintiff was contributorily negligent, provide all facts which support your contention.

6.  If you contend that the mechanical condition of the vehicle you were driving caused or contributed to the accident, provide all facts which support your contention and state when these conditions were first discovered.

7.      Please list all moving violations received by Defendant-Driver for the past 36 months prior to the incident in question.

8.      If Defendant investigated the driving record of the Defendant-Driver before entrusting its vehicle to him/her, please state the following:  (a) the name of all individuals who participated in the investigation; (b) all steps taken to investigate the Driver's driving record; (c) the results of the investigation of the Driver's driving record.

9.      Please describe what test of driving ability, if any, was given to the Driver prior to your hiring him or allowing him/her to operate your vehicle.

10.     Please state whether your vehicle contained or utilized an on-board recording device, including engine computer (e.g., ECM), an on-board computer including engine computer (e.g., ECM), trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the vehicle? If so, state the name and address of the person having custody of the graphs, printouts, raw data, and/or other documentary evidence produced or capable of being produced by said machine regarding any data for any and all parts of the trip which ultimately was involved in the subject collision which forms the basis of Plaintiffs' Complaint.

11.     Were any drug or alcohol tests (blood, urine, hair, or other) performed on the Defendant-Driver, at any time during the 32 hours immediately following the subject collision? If so, state the results of all such tests and the name, address, and phone number of the persons, firms, or entities who administered said test and all such persons, firms, or entities who are in possession of a copy of the results of said tests and appropriate chain of custody forms.

12.     Please list or describe all vehicular accidents involving defendant driver for the past five year period prior to the subject incident where defendant driver was operating one of the vehicles involved in the incident.

13.     Please describe your relationship with the other Defendants named in Plaintiff's most recent Complaint.

## III.

## **REQUESTS FOR PRODUCTION**

1.      Produce all accident reports, variance reports, and investigation reports concerning the subject accident.

2.      Produce copies of police reports for all other vehicular collisions or incidents involving your employees while driving company vehicles for a period of three (3) years prior to the subject accident.

3.      Copy of the citation the Defendant-Driver received in connection with the incident in question.

4.      Documents detailing how the citation Defendant-Driver received as a result of the incident in question was resolved.

5.      Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant(s) in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of Defendant's attorneys.  This specifically includes any and all reports and written or electronically recorded statements made by Defendant(s) to any other person, organization or governmental entity.

6.      Produce copies of any and all other police reports, citations, accident and/or incident files and records maintained by Defendant(s) in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Driver was the driver of a vehicle involved in the prior accidents or incidents.

7.      Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment.  This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

8.      Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

9.      Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiff's damages or injuries suffered by Plaintiff.

10. Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

11. Produce copies of any statements given to Defendant by Plaintiff or statements given by and otherwise obtained by Defendant from Plaintiff.

12. Produce copies of any and all investigation and/or accident reports in Defendant's possession that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

13. Produce a copy of the curriculum vitae of each expert witness you may call to testify upon the trial of this case.

14. Produce copies of any documents or other writings which show or identify this Defendant(s) as being either a public or private corporation.

15. Produce all non-privileged documents, records and/or other writings that evidence an admission, in whole or in part, that the incident was caused by an act or omission or fault or negligence of any person or entity.

16. Produce any photographs or videotapes of Plaintiff.

17. Produce copies of any documents reflecting settlement agreements, deals, and/or understandings between Defendant and any other party concerning the lawsuit or the incident made the basis of this lawsuit.

18. Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

19. Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

20. Produce copies of any and all documents evidencing the reasons why the company issuing any policy which would protect you against the risks sued hereon claims or intends to claim that it has some ground for denying you coverage provided under said policy.

21. Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

22. Produce copies of any and all photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

23.     Produce copies of any and all indemnity agreements between any of the parties to this case.

24.     Produce copies of any and all indemnity agreements between any party to this case and any non-party which is relevant to the incident or injuries made the basis of this suit.

25.     Produce copies of any and all reports which have been obtained from any expert you may call to testify at trial of this case.

26.     Produce copies of any and all work papers, notes, and other documents in the file of any expert witness who you may call to testify, or in the file of any expert witness whose opinions will be relied upon in whole or in part by an expert you may call to testify at the trial of this case.

27.     Produce a copy of the title to the vehicle Defendant-Driver was driving at the time of the accident.

28.     Produce copies of any and all photographs Defendant has of the vehicles involved in this accident and any and all photographs of the scene.

29.     Produce Defendant-Driver's personnel file.

30.     Produce copies of any and all federal, county, city, police, state or other governmental investigations concerning or regarding this accident.

31.     Produce a true and correct listing of all motor vehicles owned by this Defendant from and including the time of the accident made the basis of this suit to the present.  Please include make and model of said vehicle, color of each, number of doors on each vehicle and license plate number of each vehicle.

32.     Produce copies of any and all tickets or citations received by Defendant-Driver as a result of this incident.

33.     Produce copies of any and all records obtained by Defendant pertaining to Plaintiff.

34.     Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, data printouts, trip recorder, trip master, or device known by any other name which records information concerning the operation of Defendant's vehicle for the period commencing 30 days before the subject collision through and including 10 days after the subject collision.

35.     Produce all repair/maintenance records for the subject vehicle for the previous five (5) years.

36.     Produce copies of all training materials given to Defendant-Driver during his employment with you.

37.   Produce copies of any contracts with any other named party in Plaintiff's most recent Complaint which was in effect at the time of the subject incident.

38.   Produce copies of any lease agreement for the vehicle driven by Defendant-Driver at the time of the subject incident.

39.   Produce copies of Defendant-Driver's travel log for two weeks prior to the subject incident.

40.   Copies of the Defendant-Driver's MVR records for the past three years gathered from the requisite state agency.

41.   Copies of police reports for any other vehicular collisions or incidents in which the Defendant-Driver was involved.

42.   Copy of all performance reviews of the Defendant-Driver for the past three (3) years.

43.   Produce copies of all trip and/or operational documents pertaining to the trip during which the subject accident occurred.

44.   Produce copies of the Driver Qualification File (or files) maintained by Defendant on the Defendant-Driver.

45.   Produce copies of all pre-employment questionnaires and other documents secured from the Defendant-Driver prior to employment with Defendant.

46.   Produce copies of all medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents relative to the Defendant-Driver.

47.   Produce copies of all actual driver's road tests administered to the Defendant-Driver.

48.   Produce copies of all actual driver's written tests administered to the Defendant-Driver.

49.   Produce all training notes, certificates and attendance lists relative to the Defendant-Driver, regardless of the date issued or the originator of such certificates.

50.   Produce copies of all annual reviews, file reviews, and/or file summaries and related documents found in the driver qualification file of the Defendant-Driver.

51.   Produce copies of any and all other contents of the Defendant-Driver's Driver Qualification File, regardless of subject, form, purpose, originator, receiver, title, or description.

52.   Produce copies of all hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents, however named, relating to the Defendant-Driver.

53.    Produce copies of all law enforcement agencies, audits and/or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of the Defendant's file reviews or summaries of violations of company, state, or federal laws, rules or regulations committed by the Defendant-Driver from within the previous three (3) years.

54.    Produce copies of all objects, photographs, drawings, reports, statements, or otherwise described documents or objects in the possession of Defendant in reference to the accident as defined herein, "excluding only" those written documents, materials and objects that can be clearly identified as the work product of  Defendant's attorneys.  This specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization or governmental entity.

55.    Produce copies of any and all other accident and/or incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the accident in question, wherein Defendant-Driver was the driver of a vehicle involved in the prior accidents or incidents.

56.    Produce copies of all time cards, time worked records or otherwise described work time records created by the Driver for the period from 1 year prior to the date of accident to and including the date of accident.

57.    Produce copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment.  This Request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this accident occurred indicating Defendant as a named insured or omnibus insured or any other type whether by application, binder, issuance of policy or extension of a grace period.

58.    Produce copies of any and all investigation and/or accident reports in Defendant's possession excluding documents which constitute communications between agents or representatives of Defendant that were made subsequent to the occurrence upon which this suit is based and in connection with or anticipation of the defense of claims made a part of the pending litigation.

59.    Produce a copy of the title to the vehicle Defendant-Driver was driving at the time of the accident.

60.    Produce copies of any and all photographs Defendant has of the vehicle involved in this accident and any and all photographs of the scene.

61.    Produce a copy of both sides of Defendant-Driver's current driver's license(s).

62.    Produce copies of any and all tickets or citations received by Defendant or Defendant-Driver as a result of this incident.

63.   Produce the vehicle and all trailers and cargo carried by your vehicle at the time of the underlying accident for inspection.

64.   Produce the original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, including printout for engine computer data, trip recorder, trip master, or device known by any other name which records information concerning the operation of the truck for the period commencing 30 days before the subject accident through and including 10 days after the subject collision.

65.   Produce all policies and procedures for testing your drivers for drug and/or alcohol use.

66.   Produce all records, logs, ledgers, documents, and/or other materials regarding, pertaining to, or mentioning Defendant-Driver or Plaintiff.

67.   Produce the results of any drug test performed on Defendant-Driver within the 32 hours immediately following the incident made the basis of this lawsuit.

68.   Produce a copy of Defendant's drug/alcohol policy and any other policy, however named, regulating the use of drugs (prescription and non-prescription), alcohol and/or other controlled substance that could impair driving ability.

69.   Produce all incident/investigation reports created by Defendant(s) or a third party working for Defendant(s) relating to this incident.

70.   Produce all repair/maintenance records for the subject vehicle for the previous three (3) years.

71.   Produce all documents in your possession regarding any wireless satellite-based mobile communications systems present in the tractor or trailer involved in the incident underlying this lawsuit, especially documents reflecting any and all data transmissions (and the content thereof) made or received and occurring within a period of six hours before and after the incident in question.

72.   For the period of one week before and after the incident made the basis of this lawsuit, product all documents reflecting any and all data transmissions and / or telephone calls from any wireless cellular ("cell") telephones present in the vehicle involved in the incident made the basis of this lawsuit?  In the alternative, provide sufficient information for Plaintiff to subpoena this information from the relevant cellular wireless service provider.

73.   Produce copies of any pictures of the subject vehicle involved in the subject incident from any period within three years prior to the subject incident and from any time within one month after the subject incident.

74.   Produce copies of any violations issued by the Federal Motor Carrier Safety Administration relating to the subject vehicle issued any time within any time one (1) year before and after the subject incident.

75.     Produce copies of any and all documents reflecting how any violations identified in RFP
No. 74 were resolved.

76.     Produce copies of the most recent inspection report generated prior to the subject incident
related to the subject vehicle.

## IV.

### REQUESTS FOR ADMISSIONS

1.    Admit that the vehicle involved in the subject incident is owned by you and/or you have the right to control the use of the vehicle.

2.    Admit that Defendant-Driver had permission from you to operate the vehicle involved in the subject incident on the day of the subject incident.

3.    Admit that you knew Defendant-Driver was a reckless driver at the time you entrusted your vehicle to him.

4.    Admit that Defendant-Driver was operating within the course and scope of his employment at the time of the subject incident.

5.    Admit that you are named correctly in Plaintiff's Original Complaint.

6.    Admit that venue is proper.

7.    Admit that this is a convenient forum.

8.    Admit that this court may exercise personal jurisdiction over you.

9.    Admit that service was proper.

10.    Admit that you conducted an investigation into Defendant Driver's background before hiring him.

11.    Admit that you hired a third party to investigate Defendant Driver's background before hiring him.

12.    Admit that prior to the subject incident that you were aware that Defendant Driver was involved in an accident prior to the subject incident.

13.    Admit that Defendant-Driver was your employee at the time of the subject incident.

14.    Admit that you owned the subject vehicle at the time of the subject incident.

Respectfully submitted,

**PEPPER & ODOM**

s/Kristopher J. Morse
**Kristopher J. Morse**

State Bar No. MOR161
For the Plaintiff
Farley  Building
1929 3rd Avenue North, Suite 600
Birmingham, AL 35203
E-mail: Kris@pepperodom.com
Telephone: (205) 250-1107
Fax:          (205) 994-6746

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stan Koch + Sons
Trucking Inc
4200 Dahlberg Drive
Ste 100
Golden Valley, MN 55422

9590 9402 7147 1251 1162 02

2. Article Number (transfer from service label)

7021 2720 0000 9596 3283

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X RecH406
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 7147 1251 1162 02

United States
Postal Service

FILED IN

OFFICE

MAR 31 2022

CIRCUIT CLERK
CIRCUIT DIVISION, ALABAMA
BESSEMER COUNTY, ALABAMA
JEFFERSON

Sender: Please print your name, address, and ZIP+4® in this box●

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | |
| --- | --- |
| $ | 375 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☑ Return Receipt (hardcopy) | $ 305 |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | |
| $ | 2.56 |
| Total Postage and Fees | |
| $ | 9.36 |

CV 22-900107
S+C
Postmark
Here

Sent To
Jerry Carr
Street and Apt. No., or PO Box No.
15 Alane Dr
City, State, ZIP+4®
Pontotoc, MS 38863

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7021 2720 0000 9596 4051

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jerry Carr
73 Alane Drive
Pontotoc, MS 38863

9590 9402 7147 1251 1263 24

2. Article Number (Transfer from service label)

7021 2720 0000 9596 4051

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                4-5-22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:       ☐ No

CV22.900107
S+C

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 7147 1251 1263 24

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

FILED IN OFFICE

APR 08 2022

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA